# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 11, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SARITA DELP,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0176**  (BOR Appeal No. 2049717)
(Claim No. 2014029236)

**GREENBRIER HOTEL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sarita Delp, by Reginald Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Greenbrier Hotel Corporation, by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 28, 2015, in which the Board affirmed an August 21, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 1, 2014, decision rejecting Ms. Delp's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Delp alleges that she injured both knees and both hips in the course of her employment when she slipped and fell on a wet floor on March 15, 2014. Ms. Delp testified both in a deposition and before the Office of Judges that she immediately reported the alleged incident to Nicole Bowes, whom she considered to be one of her supervisors. Ms. Delp further testified that she reported the alleged injury to her direct supervisor, Steven Ouellette, on March 15, 2014, and that she further discussed the matter with Mr. Oullette on March 16, 2014.

1

However, Mr. Ouellette testified before the Office of Judges and gave a handwritten statement, and in both instances stated that he was not made aware of the alleged injury until March 20, 2014, during a meeting scheduled to discuss disciplinary action against Ms. Delp for deficient customer service. The disciplinary meeting was scheduled by Gina Marinucci, the director of restaurants at the Greenbrier. Ms. Marinucci also testified before the Office of Judges and authored a written statement, and in both instances also stated that she was not made aware of the alleged injury until the March 20, 2014, disciplinary meeting. She further indicated that Ms. Delp is well aware that all injuries should be reported immediately, and also indicated that Ms. Delp is familiar with the proper procedure for reporting a workplace injury because she has successfully done so in the past. Ms. Marinucci then stated that during the disciplinary meeting, Ms. Delp admitted that she did not immediately report the alleged injury.

Following the March 20, 2014, disciplinary meeting, Ms. Delp immediately presented herself at the Greenbrier Valley Medical Center emergency department and completed a Report of Injury indicating that she injured both knees, both hips, and her right hand during a fall on a wet floor on March 15, 2014. She was diagnosed with a bilateral knee and leg sprain. Also on March 20, 2014, an Employer Investigation Report was completed by Ms. Bowes and Ms. Delp. The report indicates that Ms. Delp fell on a wet floor on March 15, 2014; sustained contusions; and continued to work her scheduled shift. Ms. Bowes indicates in the report that she did not see Ms. Delp fall and that Ms. Delp did not request that she complete an incident report following the alleged injury, although Ms. Bowes does state that on the date of the alleged injury Ms. Delp warned her to be careful because she had just slipped and fallen on a wet floor.

On April 1, 2014, the claims administrator rejected the claim based upon a finding that there were no witnesses to the alleged injury, and also based upon a finding that Ms. Delp did not immediately report the alleged injury. Following the alleged injury, Ms. Delp began treating with James McCoig, M.D., who noted on May 7, 2014, that he was seeing Ms. Delp in follow-up for the March 15, 2014, injury which occurred when she slipped on a wet floor at work. Dr. McCoig opined that there is clinical evidence of a left medial meniscus tear and a possible right medial meniscus tear.[1]

In its Order affirming the April 1, 2014, claims administrator's decision, the Office of Judges held that a preponderance of the evidence fails to demonstrate that Ms. Delp sustained an injury in the course of and resulting from her employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated January 28, 2015. On appeal, Ms. Delp asserts that the evidence of record clearly establishes that she sustained a compensable injury in the course of and resulting from her employment.

The Office of Judges noted that Ms. Delp asserts that she reported the alleged March 15, 2014, injury immediately while the Greenbrier maintains that the alleged injury was not reported until a March 20, 2014, disciplinary meeting. The Office of Judges further found that there were no witnesses to the alleged injury and that Ms. Delp did not request that an accident report be

---

[1] Based upon the evidence of record, it appears that Dr. McCoig's diagnosis of possible bilateral medial meniscus tears has never been confirmed via diagnostic imaging.

completed at the time of injury despite being aware of the proper procedure for reporting a workplace injury. The Office of Judges then concluded that the evidence of record is insufficient to support a finding of compensability. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Although Ms. Delp may indeed have slipped and fallen on a wet floor in the course of her employment, the evidence of record fails to establish that she sustained an injury in the course of and resulting from her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 11, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3